UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY DEBENEDETTO,

        *Plaintiff*,

v.

CIVIL ACTION NO. 2:19-cv-10667-LVP-PTM
DISTRICT JUDGE LINDA V. PARKER
MAGISTRATE JUDGE PATRICIA T. MORRIS

COMMISSIONER OF SOCIAL
SECURITY,

        *Defendant*.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTIONS TO DISMISS (ECF No. 23)**

**I.     RECOMMENDATION**

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 23), be **GRANTED.**

**II.    REPORT**

    **A.     Introduction**

Plaintiff filed the instant *pro se* complaint on March 6, 2019. (ECF No. 1.) Plaintiff's complaint describes this action as "a demand for back payment owed between July 2012 – November 2014." (ECF No.1, PageID.5.) The case was referred to the undersigned for all pretrial matters. (ECF No. 3.) The Court has reviewed the motion (ECF No. 23) and the response (ECF No. 25) and a subsequent letter filed by Plaintiff. (ECF No. 26.)

1

In June 2012, Plaintiff was found incompetent to stand trial. (ECF No.23, PageID.62.) Plaintiff had been receiving social security disability benefits in the amount of $735 per month when he was charged with a federal crime in the Northern District of Illinois and arrested on April 11, 2012. (ECF No.1, PageID.5; ECF No. 23, PageID.62.) As a result, his benefits were suspended as of July 2012. (*Id.*) In August 2014, the indictment against Plaintiff was dismissed by the U.S. District Court for the Northern District of Illinois while Plaintiff underwent civil commitment hearings before the U.S. District Court for the Eastern District of North Carolina and was confined at the Federal Medical Center in Butner, North Carolina. In November 2014, the Court ordered Plaintiff to be indefinitely civilly committed, and the Fourth Circuit later upheld that ruling. (ECF No. 23, PageID.63.) Although Plaintiff may have been conditionally released (because he was not in custody at the time his complaint was filed), he was returned to custody at the Federal Medical Center in Rochester, Minnesota, where he remains today. (ECF No. 23, PageID.63; ECF No. 1, PageID.2; ECF No. 21.)

Plaintiff cites 42 U.S.C. § 402(x) and appears to contend that benefits should not have been withheld between July 2012 and August 2014 since his underlying criminal charges were eventually dismissed. Based on this alleged wrongful withholding, Plaintiff seeks $10,290.00. (ECF No. 1, PageID.7-8.)

The "general rule that parties exhaust administrative remedies before seeking relief from the federal courts" is well established. *McCarthy v. Madigan*, 503 U.S.140, 144-45, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992). Statutory law governing social security cases provides that:

2

> Any individual, after *any final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days . . . .

42 U.S.C. § 405(g) (emphasis added). In addition, 42 U.S.C. § 405(h) provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided . . . ." Thus, Congress has clearly stated that § 405(g) is the sole basis for judicial review of the Commissioner's decisions.

The sole exception to this rule was explained in *Califano v. Sanders*, 430 U.S. 99, 109 (1977):

> [c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions . . . [W]hen constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the "extraordinary" step of foreclosing jurisdiction unless Congress' intent to do so is manifested by "clear and convincing" evidence.

Therefore, "absent a colorable constitutional claim, federal courts are without jurisdiction to review the Secretary's denial of benefits on the basis of res judicata." *Parker v. Califano*, 644 F.2d 1199, 1201 (6th Cir. 1981). Mere incantation of the Constitution is insufficient to raise a constitutional issue. As explained by the Sixth Circuit in *Ingram v. Secretary of Health & Human Services*:

> The Supreme Court has noted that federal courts are without jurisdiction to review a decision of the Secretary refusing to re-open previously adjudicated claims, at least in the absence of a constitutional challenge. *Califano v. Sanders*, 430 U.S. 99, 97 S. Ct 980, 51 L. Ed. 2d 192 (1977). *Simply couching in constitutional language what is in reality an argument, that the Secretary abused his*

3

> *discretion in refusing to re-open a claim, does not convert the argument into a colorable constitutional challenge.*

830 F.2d 67, 67 (6th Cir. 1987) (emphasis added). In the instant case, Plaintiff has not made any claims implicating constitutional violations that would justify waiving the exhaustion requirement.[1]

42 U.S.C. § 405(g) authorizes judicial review only after a plaintiff has exhausted administrative remedies. The regulations delineate a four-step administrative review process that must be followed before a decision will be considered final and subject to judicial review: (1) an initial decision; (2) reconsideration; (3) a hearing before an administrative law judge ("ALJ"); and (4) review by the Appeal Council. 20 C.F.R. § 416.1400(a)(5). Therefore, a final decision is reached only after a plaintiff receives either a decision by the Appeals Council or a notice from the Appeals Council that it is denying the request for review. 20 C.F.R. §§ 416.1400(a), 416.1481, 422.210. Without a final decision, the court does not have subject matter jurisdiction to review the matters asserted in the complaint. *Hines v. Astrue*, 876 F. Supp. 2d 1001, 1004 (S.D. Ohio 2012).

In the instant case, Defendant has provided a Declaration of Christianne Voegele, Court case preparation and review Branch 3 office of appellate operations for the Social Security Administration, wherein she states that she has reviewed all of the relevant operations and processing systems which "show no indication of an

---

[1] Even if Plaintiff had argued that 42 U.S.C. § 402(x) violates due process and lacks a rational basis, this argument has been rejected by the Sixth Circuit. *Brown v. Comm'r of Soc. Sec.*, 2018 WL 7502897, at *3 (6th Cir. Aug. 30, 2018) (collecting cases from the Second, Fourth and Tenth Circuits). Similarly, if Plaintiff had argued that this section is unconstitutional under the Eighth Amendment's cruel and unusual punishments clause or the Fifth Amendment's double jeopardy clause, such arguments have also been universally rejected. *Brown v. Comm'r of Soc. Sec.*, 2017 WL 3908272, at *4 (W.D. Mich. June 2, 2017) (collecting cases).

4

Administrative Law Judge decision or a request for review before the Appeals Council relating to the plaintiff, GARY DEBENEDETTO" as of the date of the affidavit, August 23, 2019. (ECF No. 23, PageID.74.) Plaintiff indicates, in a letter, that he is "certain I asked the S.S.A. about an interview with an administrator, prior to filing this suit. If you should decide in the Defendant's favor, then, I will try an Administrative Law Judge." (ECF No. 26, PageID.83.)

"[N]onpayment of benefits due to incarceration [under 42 U.S.C. § 402(x)] is considered an initial determination" and since Plaintiff "failed to seek formal reconsideration of the initial determination to suspend his benefits, or otherwise pursue an administrative appeal[,]" he has not exhausted his administrative remedies and the case should be dismissed for lack of jurisdiction. *Aruanno v. Comm'r of Soc. Sec.*, 471 F. App'x 87, 88 (3rd Cir. 2012).

Accordingly, I recommend the complaint be dismissed for failure to exhaust administrative remedies.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991);

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

      Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 5, 2020　　　　　　　　　　　　　　S/ Patricia T. Morris
　　　　　　　　　　　　　　　　　　　　　　　　　Patricia T. Morris
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Gary Debenedetto, Inmate # 47065-039, Rochester Federal Medical Center, P.O. Box 4000, Rochester, MN 55903

Date: March 5, 2020          By s/Sara Krause
                                    Acting in the absence of
                                    Kristen Casteneda, Case Manager